**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Pittsburgh Division)**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>vs.<br><br>RELIANT HOLDINGS, INC., and ROBERT KANE,<br><br>Defendants. | Civil Action No. 2:24-cv-01301<br><br>The Honorable Robert J. Colville |

**DEFENDANTS' JOINT MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITIVE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(1), and 12(e), Defendants Reliant Holdings, Inc. ("Reliant"), and Robert Kane ("Kane"), by and through their undersigned counsel, hereby move to dismiss the Complaint (ECF No. 1) filed by Plaintiff Consumer Financial Protection Bureau ("CFPB" or the "Bureau") or, alternatively, move for a more definitive statement. For the reasons more fully explained in their contemporaneously filed supporting brief, Reliant and Kane assert that the CFPB's Complaint should be dismissed for the following reasons:

*First and foremost*, the claims are substantively deficient under Federal Rule of Civil Procedure 12(b)(6) and fail to justify the sweeping injunctive relief, unspecified consumer monetary remedies, and unquantified civil money penalties being sought by the CFPB. For example, *Count I*, for alleged violations of Consumer Finance Protection Act's ("CFPA") prohibition on unfair, deceptive, or abusive acts or practices ("UDAAPs"), should be dismissed because the CFPB does not plausibly allege that Reliant and Kane engaged in any deceptive practices under the CFPA that are currently ongoing or imminent. Indeed, the Complaint concedes that the challenged conduct ceased, at the latest, in January 2021, when Reliant offered its online

shopping club membership on a free trial basis. Further, the CFPB does not plausibly allege that Reliant and Kane ever represented to consumers that Reliant's online shopping club account was a "general purpose" credit card. Rather, as the CFPB knowingly omits from its Complaint, all consumers expressly acknowledged before completing any application that Reliant's offer was for a merchandise credit card account that could be used only at its online shopping website. Nor does the CFPB plausibly allege that Reliant and Kane made any false and material representations regarding Reliant's cancellation process that occurred before the consumers agreed to purchase a membership in Reliant's online shopping club. Instead, all the CFPB claims is that, at unspecified times in the last 14 years, some unidentified consumers took between 20-to-40 minutes to cancel their card when between March 2019 and October 2020, Reliant represented in a Welcome Package sent after the consumers purchased their membership that Reliant's cancellation and refund process "is simple and takes less than a minute." Therefore, Count I of the CFPB's complaint fails to state any viable deceptive practices claim under the CFPA and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Similarly, *Count II* must be dismissed because the CFPB has not plausibly alleged that Reliant and Kane engaged in "abusive" practices under the CFPA via the customer service call wait times for its cancellation or refund process. Specifically, the CFPB does not allege that a single customer was unable to cancel their Reliant shopping club membership. Nor does the CFPB explain why or how a 20 to 40-minute cancellation process for a credit card "exceeds the bounds of reason" or renders a consumer unable to protect their interests, and the CFPB does not allege that the 20-to-40 minutes it allegedly "at times" took unspecified customers to cancel their cards "effectively lock[ed] people into the relationship." Hence, Count II of the CFPB's complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Further, *Count III*, for alleged "substantial assistance" of CFPA violations, as well *Counts I* and *II* against Kane individually, must be dismissed because the CFPB has not (1) adequately alleged an underlying violation of the CFPA, (2) adequately alleged the requisite scienter by Kane, or (3) adequately plead any "substantial assistance" by him. Simply being an owner or founder of a company does not rise to either an underlying violation of the CFPA or the requisite level of "substantial assistance" under the CFPA. Thus, Counts I, II, and III of the CFPB's complaint fail to state viable claims for relief against Kane under Federal Rule of Civil Procedure 12(b)(6).

Additionally, *Count IV*, for alleged violations under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA"), and its implementing regulation, Regulation Z, 12.C.F.R. § 1026.1 ("Reg. Z"), and *Count V* as a CFPA derivative claim of Count IV's TILA claim, must be dismissed because TILA and Reg. Z do not apply to Reliant's shopping club credit card as a matter of law. TILA and Reg. Z apply only to an "open end credit plan" which, by definition, provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. 15 U.S.C. § 1602(j); 12 C.F.R. § 1026.2(15)(ii) (emphasis added). Imposition of one-time membership fee is not a finance charge. Consequently, Counts IV and V of the CFPB's complaint fail to state claims upon which relief can be granted.

***Second***, to the extent any substantive claims have been stated, they are time-barred as a matter of law. With respect to Counts I, II, and II of its Complaint, the CFPB concedes that any alleged UDAAPs that serve as a basis for those counts span the years 2010 through 2021, in whole or in part. Thus, Counts I, II, and III of the CFPB's Complaint have not been brought within three years from when the CFPB knew or should have known of their existence as mandated by Section 5564(g)(1) of the CFPA, 12 U.S.C. § 5564(g)(1). Further, as for any alleged TILA and Regulation Z violations under Counts IV and V of the Complaint, the CFPB admits that Reliant's charge of a

membership fee in excess of 25% of the $500 introductory credit line during the first year after the account opening occurred only from January 2015 until January 2021, and thus were not brought within "within one year from the date of the occurrence of the violation" as mandated by TILA Section 1640, 15 U.S.C. § 1640. Accordingly, all of the claims asserted in the CFPB's Complaint are untimely as a matter of law, thus warranting dismissal under Federal Rule of Civil Procedure 12(b)(6).

*Third*, the CFPB is an independent agency of limited jurisdiction with statutory enforcement authority over only certain causes of action under certain statutes. Congress did not delegate to the CFPB unfettered discretion to declare any practice, including the amount of time or manner it takes to process a refund or cancel a membership, a UDAAP and thereby impose potentially crippling penalties for engaging in that otherwise commercially acceptable business practice. Further, the CFPB's current funding method is illegal and violates both the Appropriations Clause of the United States Constitution and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act") in that the Federal Reserve System has not generated any surplus sufficient to operate the CFPB since 2022. Thus, the CFPB's undisputed, ongoing constitutional violation negates its standing to sue for any of the relief that the CFPB seeks in its Complaint. It also requires dismissal of the CFPB's Complaint because an unconstitutional entity has no power to state actionable claims, thereby depriving this Court of federal question jurisdiction. Accordingly, the CFPB's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

Alternatively, to the extent their Rule 12(b)(6) and Rule 12(b)(1) motions are not granted, Defendants ask this Court to compel the CFPB to file a more definitive statement. The CFPB has failed to identify the precise time periods for any of its claims, and the CFPB has failed to identify

the precise representation that each of the Defendants allegedly made to consumers or any of the other facts which would identify the who, what, where, and how a reasonable consumer was allegedly misled. Indeed, the CFPB's Complaint does not identify a single actual consumer who Defendants have allegedly deceived. Thus, the CFPB should be required to file a complaint with a more definitive statement.

This Motion is based on the concurrently filed Brief, the Declarations of Ronald L. Hicks, Jr., and Richard McDonald and exhibits attached thereto, the Request to Take Judicial Notice, and Proposed Order. Because the CFPB expressly declined to file an amended complaint as part of the parties' conference on Defendants' Rule 12 Motion, Defendants respectfully move for the CFPB's Complaint to be dismissed with prejudice.

Respectfully submitted,

Dated: December 27, 2024

*/s/ Ronald L. Hicks, Jr.*

Ronald L. Hicks, Jr., Esq. (PA #49520)
ronald.hicks@nelsonmullins.com
Thomas S. Jones, Esq. (PA #71636)
thomas.jones@nelsonmullins.com
Benjamin J. Sitter, Esq. (PA #317382)
ben.sitter@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
One PPG Place, Suite 3200
Pittsburgh, Pennsylvania 15222
Tel: 412-730-4050

*Counsel for Defendants*

**RULE 12 MOTION CERTIFICATION**

Pursuant to this Court's September 16, 2024 Order (ECF #12), I hereby certify that, between October 4 and 9, 2024, the undersigned made good faith efforts to confer with counsel for Plaintiff to determine whether the identified pleading deficiencies set forth in the within Motion may be cured by amendment, and counsel for Plaintiff determined that no amendment was necessary.

Respectfully submitted,

Dated: December 27, 2024

*/s/ Ronald L. Hicks, Jr.*

Ronald L. Hicks, Jr., Esq. (PA #49520)
ronald.hicks@nelsonmullins.com
Thomas S. Jones, Esq. (PA #71636)
thomas.jones@nelsonmullins.com
Benjamin J. Sitter, Esq. (PA #317382)
ben.sitter@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
One PPG Place, Suite 3200
Pittsburgh, Pennsylvania 15222
Tel: 412-730-4050

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document using the Court's CM/ECF system on December 27, 2024, which will send notification of such filing to all counsel of record.

Respectfully submitted,

Dated: December 27, 2024

*/s/ Ronald L. Hicks, Jr.*

Ronald L. Hicks, Jr., Esq. (PA #49520)
ronald.hicks@nelsonmullins.com
Thomas S. Jones, Esq. (PA #71636)
thomas.jones@nelsonmullins.com
Benjamin J. Sitter, Esq. (PA #317382)
ben.sitter@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
One PPG Place, Suite 3200
Pittsburgh, Pennsylvania 15222
Tel: 412-730-4050

*Counsel for Defendants*