IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No.  2:24-cv-1301-RJC |
| | ) | |
| Reliant Holdings, Inc. and | ) | Judge Robert J. Colville |
| Robert Kane, | ) | |
| | ) | |
|    *Defendants*. | ) | |

## DECLARATION OF KRISTINA BETTS
## IN SUPPORT OF PLAINTIFF CONSUMER FINANCIAL
## PROTECTION BUREAU'S MOTION FOR A TEMPORARY STAY

I, Kristina Betts, an attorney admitted to practice before this Court, declares under penalty of perjury that the following statements are true and correct, in accordance with 28 U.S.C. § 1746(2):

1. I am an attorney employed by the Consumer Financial Protection Bureau (Bureau), an agency of the United States, and I am counsel in this matter.

2. I submit this declaration in support of Plaintiff's Motion for a Temporary Stay. The facts stated in this declaration are based on my personal knowledge or information known to me in the course of my official duties.

3. On February 3, 2025, Bureau personnel received notification that the President had designated Secretary of the Treasury Scott Bessent to serve as the Bureau's Acting Director effective January 31, 2025. The same day, Acting Director Bessant instructed Bureau personnel not to make or approve filings or appearances by the Bureau in any litigation, other than to seek a pause in the proceedings.

4. On February 7, 2025, Bureau personnel received notification that the President had named Russel T. Vought—the Director of the Office of Management and Budget—as Acting Director of the Bureau. On February 8, 2025, Acting Director Vought instructed Bureau personnel not to make or approve filings or appearances by the Bureau in any litigation, other than to seek a pause in the proceedings.

5. On February 21, 2025, I contacted Defendants' counsel notifying them that Bureau counsel was not authorized to engage in a meet and confer at this time in anticipation of the initial Case Management Conference and that the Bureau intended to seek a temporary stay of the action. I offered to further discuss the Bureau's position by telephone or email. On February 23, 2025, Defendants' counsel notified me that Defendants did not consent to a 60-day stay and requested the "CFPB's immediate compliance with the Court's Rule 26(f) Order."

6. On February 26, 2025, Defendants' counsel contacted me to discuss the Bureau's motion to stay. Accordingly, I spoke with Defendants' counsel via telephone that afternoon and we discussed the status of the case and the Bureau's motion to stay.

7. On February 27, 2025, I emailed Defendants' counsel and stated that the Bureau intends to file a Motion for a Temporary Stay that day and asked for counsel to inform me if Defendants had changed their minds about consenting to the stay. Defendants' counsel contacted me via email shortly thereafter notifying me that Defendants had not changed their minds and "will be opposing any stay request."

Dated: February 27, 2025

/s/ Kristina D. Betts
Kristina D. Betts

Enforcement Attorney

Consumer Financial Protection Bureau
Email: kristina.betts@cfpb.gov
Phone: 202-834-2723

Bar No. AZ 024859 (admitted pro hac vice)