IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.  2:24-cv-1301-RJC |
| | ) | |
| Reliant Holdings, Inc. and | ) | Judge Robert J. Colville |
| Robert Kane, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S MEMORANDUM
IN SUPPORT OF MOTION FOR A TEMPORARY STAY**

Plaintiff Consumer Financial Protection Bureau (Bureau) has moved for a temporary stay of the proceedings in this case for 60 days. There is good cause to stay the proceedings to allow sufficient time for the newly appointed Acting Director of the Bureau to review and consider this matter. Defendants Reliant Holdings, Inc. and Robert Kane do not consent.

**BACKGROUND**

The Bureau filed its Complaint in this case on September 13, 2024. ECF No. 1. On November 9, 2024, Defendants filed a Local Rule 7(E) Stipulation and Request for Extension of Deadlines in which the Bureau and Defendants stipulated to a 45-day extension of Defendants' deadline to file their answers or Rule 12 motions and a 14-day extension for the Bureau to file its response to Defendants' Rule 12 motions. ECF No. 21. Defendants filed a Motion to Dismiss or, Alternatively, Motion for More Definitive Statement (Motion to Dismiss) on December 27, 2024. ECF No. 26. The Bureau filed its Opposition to Defendants' Motion to Dismiss on January 30, 2025, and Defendants filed their Reply Brief in Support of the Motion to Dismiss on

February 12, 2025. ECF Nos. 33 and 36. The Court has not yet scheduled the initial Case Management Conference under Fed. R. Civ. P. 26(f) and Local Rule 26.2 and therefore no discovery and trial dates have been set and discovery has not begun.

The Bureau now seeks a stay of these proceedings due to instructions from its Acting Director. Effective January 31, 2025, President Trump designated Secretary of the Treasury Scott Bessent as the Bureau's Acting Director. Betts Decl. ¶ 3. On February 3, 2025, to promote consistency with the goals of the new Administration, Acting Director Bessent instructed Bureau personnel to not make or approve filings or appearances in any litigation other than to seek a pause in proceedings. *Id.* President Trump replaced Acting Director Bessent with Russell Vought—the Director of the Office of Management and Budget—on February 7. *Id.* ¶ 4. And on February 8, Acting Director Vought issued an identical directive to Bureau personnel to limit any litigation appearances or filings to requests to seek a pause in proceedings unless otherwise expressly approved by the Acting Director. *Id.*

The Bureau seeks relief so that the Acting Director has sufficient time to consider this matter. Numerous courts have granted similar motions recently filed by the Bureau, finding good cause under similar circumstances. *See, e.g.*, Order Staying Proceedings, *CFPB v. Judith Noh*, No. 8:21-cv-00488-JWH-ADS (C.D. Cal. Feb. 7, 2025), ECF No. 204 (staying case until further order of the court and directing Bureau to file a status report when it receives relevant guidance from the Acting Director); Minute Order, *Google Payment Corp. v. CFPB*, No. 1:24-cv-3419 (D.D.C. Feb. 7, 2025) (staying case for 90 days).

## ARGUMENT

Courts have the inherent power to control their own dockets, including the power to stay proceedings, which "is incidental to the power inherent in every court to control the disposition

of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). The party requesting a stay bears the burden of showing that the circumstances justify the exercise of the court's discretion to grant it. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). When considering whether to stay proceedings courts have considered:

> (1) [W]hether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and whether a trial date has been set.

*Hilty v. Allstar Therapies, Inc.*, 2:20-cv-01804-RJC, 2021 WL 9628528, at *1 (W.D. Pa. Apr. 2, 2021) (Colville, J.) (citation omitted). Additionally, courts consider "the length of the requested stay and whether a stay will promote judicial economy in resolving motions to stay." *Id.* (citation omitted).

Here, a stay would impose minimal prejudice by delaying this matter for a relatively short period of time to allow the Acting Director to review and consider the matter. If the Acting Director determines that any change in the Bureau's approach is appropriate it will have the effect of promoting judicial efficiency. Additionally, the Court has not yet scheduled the initial Case Management Conference and thus no discovery or trial dates have been set and discovery has not begun. The Defendants' motion to dismiss the complaint has been fully briefed and is pending before the Court. Given these factors, it would be a proper exercise of the Court's discretion to grant a stay in these circumstances.

Plaintiff Bureau therefore requests that the Court stay this action for 60 days.

Dated: February 27, 2025

Respectfully submitted,

Attorneys for Plaintiff,
Consumer Financial Protection Bureau

CARA PETERSEN
Principal Deputy Enforcement Director

ALUSHEYI J. WHEELER
Deputy Enforcement Director

JADE A. BURNS
Assistant Litigation Deputy


 /s/ Kristina D. Betts
Kristina D. Betts
Email: kristina.betts@cfpb.gov
Phone: (202) 834-2723
Bar No. AZ 024859 (admitted pro hac vice)


*Enforcement Attorney*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
Facsimile: (202) 435-7722

4