### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF PENNSYLVANIA
### (Pittsburgh Division)

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>      Plaintiff,<br><br> vs.<br><br>RELIANT HOLDINGS, INC., and ROBERT KANE,<br><br>      Defendants. | Civil Action No. 2:24-cv-01301<br><br>The Honorable Robert J. Colville |

### DEFENDANTS' MOTION TO COMPEL
### PLAINTIFF'S COMPLIANCE WITH SEPTEMBER 16, 2024 NOTICE

Defendants, Reliant Holdings, Inc. ("Reliant") and Robert Kane ("Mr. Kane"), by their undersigned counsel, hereby move this Court for an Order compelling Plaintiff's compliance with this Court's September 16, 2024 Notice requiring the parties to fully complete the required Rule 26(f) report, including the selection of an ADR process. Plaintiff has refused to comply with the September 16, 2024, Notice or otherwise have a meet-and-confer with counsel about the Rule 26(f) report and the issues involving discovery and the required ADR process because Plaintiff's new Acting Director has instructed its remaining counsel, Kristina Betts, to do nothing other than seek a stay of the proceedings which Defendants oppose.[1] It is not Defendants' fault that Plaintiff's new leadership wants to have more time to review this litigation. However, there is no reason why that review cannot take place while the Parties comply with their Rule 26(f) obligations and keep this matter on track. Accordingly, Defendants ask this Court to compel Plaintiff to comply with

---

[1] Contemporaneous with the filing of this Motion, Defendants have filed their Response and Memorandum in Opposition to Plaintiff's Motion for Temporary Stay (ECF #39), which Response/Memorandum is referred to and incorporated herein by reference.

its September 16, 2024 Notice and meet with Defendants' counsel to prepare and file a Rule 26(f) report, including selecting an ADR process.

## BRIEF CASE STATEMENT

On September 13, 2024, Plaintiff Consumer Financial Protection Bureau ("CFPB") filed its complaint in this action, accusing Reliant and Mr. Kane of engaging in deceptive acts and practices in violation of the Consumer Financial Protection Act of 2010 ("CFPA") by allegedly marketing Reliant's online merchandise shopping card as a regular credit card that could be used anywhere that credit cards are accepted and for falsely promising that consumers could obtain a full refund in "less than a minute." The CFPB further alleges that Reliant and Mr. Kane have engaged in abusive acts and practices in violation of the CFPA by taking unreasonable advantage of customers' inability to cancel membership enrollment and obtain refunds, and that until at least January 2021, Reliant violated the Truth in Lending Act ("TILA") and its implementing regulation, Regulation Z, by unlawfully requiring consumers to pay more than 25% of the credit limit during the first year of account opening. The CFPB's complaint seeks, among other things, injunctive relief against Reliant and Mr. Kane, an unstated amount in consumer redress, and the imposition of civil money penalties.

Following the filing of the CFPB's Complaint, this Court issued a Notice that this litigation had been designated for placement into the Court's Alternative Dispute Resolution program, and it directed the parties "to fully complete the required 26(f) report, which includes the stipulation of selecting an ADR process." *See* Sept. 16, 2024 Notice (ECF #11). The Notice explained that "[t]he attorneys of record and all unrepresented parties that appear in this case are reminded that they are jointly responsible for submitting to the Court the [Rule 26(f) report and ADR process selection stipulation] prior to the Initial Case Management Conference." *Id.*

Following completion of the parties' filings involving Defendants' Rule 12 motions, Defendants reached out to CFPB's counsel of record to address the parties' compliance with this Court's September 16, 2024 Notice. *See* Decl. of Ronald L. Hicks, Jr. (ECF #42), ¶3 & Ex. 2. On February 20, 2025, the CFPB's counsel, Kristina Betts, advised that the CFPB had terminated two of its counsel of record in this matter and placed the third (Ms. Betts) on administrative leave *Id.*, ¶4 & Ex. 3 (2/20/25 10:54 AM Email). The next day, February 21, 2025, Attorney Betts advised that she was not authorized to engage in a meet-and-confer per the Court's September 16, 2024, Notice, and that the CFPB would be seeking a stay in the proceedings. *Id.* at Ex. 3 (2/21/25 1:17 pm Email). Attorney Betts explained that the sole "basis for the stay is to allow the Acting Director sufficient time to consider this matter." *Id. See also* CFPB's Supporting Memo., p. 2 ("The Bureau seeks relief so that the Acting Director has sufficient time to consider this matter").

On Wednesday, February 26, 2025, counsel for the parties held a telephone conference concerning the CFPB's stay request. *See* Decl. of Ronald L. Hicks, Jr. (ECF #42), ¶5. During that conference and the email communications that followed, the CFPB's counsel refused to discuss with Defendants' counsel the parties' Rule 26(f) report or the other requirements of the Court's September 16, 2024, Notice. *Id.* Thereafter, on February 27, 2025, the CFPB filed a Motion for a Temporary Stay (ECF #37). Contemporaneous with this Motion, Defendants have opposed the CFPB's stay request. *See* 2/28/25 Response and Opp. Mem. (ECF #39).

## ARGUMENT

It is well established that federal district courts have the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254–55 (1936). *See also Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–631 (1962) ("The authority of a court to dismiss *sua sponte* for

lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "has the sanction of wide usage among the District Courts.").  Included in this power is the authority of district courts to compel parties to select and participate in alternative dispute resolution processes.  *See Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 123 Fed. Appx. 481, 484 (3d Cir. 2005) (district court has the power to address a party's noncompliance with the court's pretrial orders to initiate ADR process).

Here, the CFPB refuses to comply with its obligations under this Court's September 16, 2024 Notice concerning the parties' obligation under the Federal Rules of Civil Procedure to prepare and file a Rule 26(f) report and under the Court's local rules to select a stipulated ADR process.  The CFPB's only excuse for not complying with this Court's September 16, 2024 Notice is that its new Acting Director desires more time to "consider this matter."  Yet, the CFPB commenced this action in September 2024 when it knew that a new administration was a possibility following the November 2024 Presidential Election.  Thus, the fact that there has been a change in the administration does not excuse the CFPB's compliance with this Court's September 16, 2024 Notice and its other obligations under the Federal Rules of Civil Procedures and this Court's local rules.  If the CFPB is no longer prepared to move forward with this matter, then it should voluntarily dismiss this matter rather than refusing to meet with Defendants' counsel and otherwise comply with this Court's September 16, 2024 Notice.

Moreover, its refusal to comply with the September 16, 2024 Notice is impairing Defendants' ability to take discovery and otherwise prepare their defense in this matter.  Federal Rule of Civil Procedure 26(d)(1) is clear that no party may seek discovery "from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by

stipulation, or by court order." *See* Fed.R.Civ.P. 26(d)(1). Here, none of the exceptions apply, and the CFPB has either terminated or instructed its counsel to have no further activity in this matter beyond asking for a stay. As such, Defendants are unable to conduct much needed discovery upon the CFPB (whose staff has been mostly laid off) or third parties who have pertinent information about Defendants' business since 2010.

WHEREFORE, Defendants respectfully request this Court to order the CFPB to have its attorneys meet with Defendants' counsel and complete the required Rule 26(f) report, including the selection of an ADR process, or face a dismissal of this action for lack of prosecution. A proposed Order is attached.

Respectfully submitted,

Dated: February 28, 2025

*/s/ Ronald L. Hicks, Jr.*

Ronald L. Hicks, Jr., Esq. (PA #49520)
ronald.hicks@nelsonmullins.com
Thomas S. Jones, Esq. (PA #71636)
thomas.jones@nelsonmullins.com
Benjamin J. Sitter, Esq. (PA #317382)
ben.sitter@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
One PPG Place, Suite 3200
Pittsburgh, Pennsylvania 15222
Tel:    412-730-4050

*Counsel for Defendants*

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to Local Rule 16.1.B.5, Defendants' counsel has conferred with Plaintiffs' counsel both via Microsoft Teams on February 26, 2025, and other email communications before and after such call, and despite such conferral, counsel were unable to resolve an agreement on the issues raised by this Motion.

Respectfully submitted,

Dated: February 28, 2025

*/s/ Ronald L. Hicks, Jr.*

Ronald L. Hicks, Jr., Esq. (PA #49520)
ronald.hicks@nelsonmullins.com
Thomas S. Jones, Esq. (PA #71636)
thomas.jones@nelsonmullins.com
Benjamin J. Sitter, Esq. (PA #317382)
ben.sitter@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
One PPG Place, Suite 3200
Pittsburgh, Pennsylvania 15222
Tel:    412-730-4050

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document using the Court's CM/ECF system on February 28, 2025, which will send notification of such filing to all counsel of record.

Respectfully submitted,

Dated: February 28, 2025

*/s/ Ronald L. Hicks, Jr.*

Ronald L. Hicks, Jr., Esq. (PA #49520)
ronald.hicks@nelsonmullins.com
Thomas S. Jones, Esq. (PA #71636)
thomas.jones@nelsonmullins.com
Benjamin J. Sitter, Esq. (PA #317382)
ben.sitter@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
One PPG Place, Suite 3200
Pittsburgh, Pennsylvania 15222
Tel:    412-730-4050

*Counsel for Defendants*